IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

_____

| | |
|---|---|
| **GWENDOLYN G. THOMPSON (BROWNING)**, | FROM THE CIRCUIT COURT OF DAVIDSON COUNTY No. 89D-2225 |
| Plaintiff-Appellant, | |
| Vs. | THE HONORABLE PHILIP E. SMITH, SPECIAL JUDGE |
| **DONALD LOUISE THOMPSON,** | C.A. No. 01A01-9510-CV-00460 |
| | ***AFFIRMED AND REMANDED*** |
| Defendant-Appellee. | |

Robert W. Rutherford, Carol L. Soloman of Nashville, For Appellant

Sue McKnight Evans of Nashville, For Appellee

_____

MEMORANDUM OPINION[1]

_____

FILED

June 28, 1996

Cecil W. Crowson
Appellate Court Clerk

***CRAWFORD, J.***

Petitioner-appellant, Gwendolyn G. Thompson (Browning) (Wife), appeals from the order of the trial court awarding respondent-appellee, Donald Lewis Thompson (Husband), attorney fees in the amount of $500.00.

The parties were divorced by decree entered June 18, 1990. The decree provided, *inter alia*, that Husband would pay certain alimony and satisfy other obligations. On February 25, 1994, Wife filed a "Petition for Contempt and Increase in Alimony." Husband's answer joined issue on the material allegations of the petition and prayed for reasonable attorney fees. An evidentiary hearing was set for February 23, 1995, and at the conclusion of Wife's proof, she announced that she was taking a voluntary nonsuit. An order was entered on March 3, 1995, which states:

> It appears to the court that the plaintiff, through counsel, noticed in open court the voluntary dismissal of this action pursuant to Rule 41.01 of the Rules of Civil Procedure, and it is
>
> THEREFORE ORDERED, ADJUDGED AND DECREED that this cause be, and the same hereby is, dismissed.
>
> The costs of this cause shall be taxed against the plaintiff, for which execution shall issue if necessary.

On March 31, 1995, Husband filed a motion for attorney fees, and Wife did not file a response to this motion. On August 3, 1995, an order was entered awarding the $500.00 fee, and

_____

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

this appeal ensued.

Wife's issue for review, as stated in her brief, is:

> Whether a motion for attorney's fees is timely when filed more than thirty (30) days after notice of voluntary dismissal, pursuant to Tennessee Rules of Civil Procedure 41.01.

Wife asserts that the effective date of the voluntary dismissal was February 23, 1995, the date she announced the voluntary dismissal during the evidentary hearing. Wife argues that the dismissal on February 23, 1995, was final, and therefore, the motion filed March 31, 1995, was untimely because it was filed more than thirty (30) days after the entry of a final order. We need not address Wife's argument because we perceive that Wife has overlooked the fact that Husband in his answer to Wife's petition sought affirmative relief by a prayer for an award of attorney fees. Wife's voluntary dismissal did not operate to dismiss Husband's prayer for relief, and, thus, the voluntary nonsuit was not a final order from which an appeal would lie.

The order of the trial court is affirmed, and this case is remanded for such further proceedings as may be necessary. Costs of appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**